JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Wesley Murray

## DEFENDANTS

City of Philadelphia, P.O. Jeffrey Walker and P.O. John/Jane Does 1-10

**(b)** County of Residence of First Listed Plaintiff Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Margaret Boyce Furey, Esq., Four Tower Bridge, Suite 400
200 Barr Harbor Drive, W. Conshohocken, Pa. 19428
610-397-0125

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Sec. 1983

Brief description of cause:
Civil rights violations

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____

DOCKET NUMBER _____

DATE
10/20/2014

SIGNATURE OF ATTORNEY OF RECORD

OCT 20 2014

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

14 5934

OCT 20 2014

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _____ 4357 Orchard Street, Philadelphia, Pa. 19124_____   14   5934

Address of Defendant: _____See attached_____

Place of Accident, Incident or Transaction: _____7122 Jackson Street, Philadelphia, Pa._____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐ No☒

Does this case involve multidistrict litigation possibilities?   Yes☐ No☒
*RELATED CASE, IF ANY:*
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐ No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐ No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

Margaret Boyce Furey , counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _10/20/14_ _____   Margaret Boyce Furey
                    Attorney-at-Law                         Attorney I.D.# 02461

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10/20/14_ _____   02461 OCT 20 2014
                    Attorney-at-Law                         Attorney I.D.#

CIV. 609 (5/2012)

CITY OF PHILADELPHIA
Law Department
1515 Arch Street, 14th floor
Philadelphia, Pa. 19102


POLICE OFFICER JEFFREY WALKER
Federal Detention Center
700 Arch Street
Philadelphia, Pa. 19106

POLICE OFFICERS JOHN/JANE DOES 1-10
c/o City of Philadelphia
Law Department
1515 Arch Street, 14th floor
Philadelphia, Pa. 19102

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

WESLEY MURRAY

v.

CITY OF PHILADELPHIA, P.O. JEFFREY
WALKER AND P.O. JOHN/JANE DOES
1-10

:
:
:
:
:
:

CIVIL ACTION

NO.    14    5934

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.              (X)

| | | |
|---|---|---|
| 10/20/14 | _Margaret Boyce Furey_ | Margaret Boyce Furey |
| **Date** | **Attorney-at-law** | **Attorney for** plaintiff |
| 610-397-0125 | 610-397-0126 | mboycep@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

OCT 2 0 2014



$400

PD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WESLEY MURRAY                          :        CIVIL ACTION NO.   14   5934
                                       :
         v.                            :        JURY TRIAL DEMANDED
                                       :
CITY OF PHILADELPHIA                   :
                                       :
         and                           :
                                       :
POLICE OFFICER JEFFREY WALKER          :
(Badge No. 3730)                       :
Individually and as a Police Officer   :
for the City of Philadelphia           :
                                       :
         and                           :
                                       :
POLICE OFFICERS JOHN/JANE              :
DOES 1-10                              :
(Badge Nos. Presently Unknown)         :
Individually and as Police Officers    :
for the City of Philadelphia           :

### COMPLAINT

### JURISDICTION

1. This is an action brought pursuant to 42 U.S.C. §1983. Jurisdiction is based upon 28

U.S.C. §§1331 and 1343, the Fourth and Fourteenth Amendments to the United States Constitution,

and under the common law of the Commonwealth of Pennsylvania, against the City of Philadelphia

and against the City of Philadelphia Police Officers in their individual capacities. Plaintiff invokes

the pendent jurisdiction of this Court provided by 28 U.S.C. §1367 to hear and decide claims under

State law.

1.

25 given
10/20/2014  R.D

## PARTIES

2. Plaintiff is Wesley Murray, an adult male, who is and was at all material times a resident of Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, at all times pertinent hereto, is a municipality of the Commonwealth of Pennsylvania, and owns, operates, manages, directs and controls the Philadelphia Police Department, which employs the defendant Police Officers.

4. Defendant, Police Officer Jeffrey Walker (Badge No. 3730), was at all times relevant to this action an Officer of the City of Philadelphia Police Department. Defendant was either a member of the Narcotics Strike Force or a unit purportedly dealing with the investigation of illegal narcotics. He is being sued in his individual capacity and as a Police Officer for the City of Philadelphia.

5. Upon information and belief, defendant Police Officers John/Jane Does 1-10 were at all times relevant to this action Officers of the City of Philadelphia Police Department, most of whom were members of the Narcotics Strike Force or other units dealing with the purported investigation of illegal narcotics, and whose identities are presently unknown. Each is being sued in his/her individual capacity and as a Police Officer for the City of Philadelphia.

## FACTS

6. On or about May 16, 2013, plaintiff, together with his mother and brother, David Wilson, were in the basement of a residence at 7122 Jackson Street, Philadelphia, Pa., where his nephews, DeShawn Ennis and Raynerd Murray, were visiting.

2.

7. Suddenly, without any warning, approximately 11 Philadelphia Police Officers, including Police Officer Jeffrey Walker, without showing any search warrant and with guns drawn, came into the residence at 7122 Jackson Street, Philadelphia, Pa., through the unlocked gate in the back alley.

8. Upon entering, the defendant Police Officers gave plaintiff the elbow, grabbed plaintiff, threw him to the floor and placed handcuffs on plaintiff and his brother, David Wilson.

9. Several of the defendant Police Officers removed plaintiff and his brother from the residence, returned to the house, again without showing a warrant, and allegedly discovered zanax, percocet, and other pills for which the defendant Officers claimed there were no prescriptions.

10. At no time did these Officers present a warrant and when inquiry was made, plaintiff was told to "shut the f... up, you are making it worse."

11. That several of defendant Officers brought plaintiff's two nephews down from upstairs, which the defendant Officers proceeded to search, claiming to have found marijuana in a small box in a top drawer of a bureau located in one of the bedrooms.

12. Plaintiff was incarcerated for approximately 3 months on the charges of manufacture, delivery or possession with intent to manufacture or deliver (35 § 780-113); conspiracy (18 § 903); and intent to possess a controlled substance by persons not regulated (35 § 780-113).

13. Attorney David Javie was appointed to represent plaintiff and he proceeded to file two motions, one to reduce the $35,000.00 bail, and the other, a motion to suppress the drugs and marijuana allegedly taken from 7122 Jackson Street, Philadelphia, Pa.

3.

14.  On July 15, 2013, the date set for the bail modification, the Commonwealth requested a continuance for further investigation, most probably because information regarding the federal investigation of defendant Walker had become known to the Philadelphia District Attorney's Office.

15.  That on July 16, 2013, a hearing on the motion was scheduled, but on that date Assistant District Attorney Engle withdrew prosecution and the criminal case filed against defendant under docket number MC-51-CR-0019035-2013 was closed.

16.  This illegal arrest and prosecution is still on the First Judicial District of Pennsylvania Court Summary and Docket.

17.  Plaintiff was incarcerated for approximately 3 months at the Philadelphia House of Correction where he was forced to remain since he was without the $35,000.00 bail to gain his release.

18.  Plaintiff was falsely accused of the drug charges since he neither possessed, attempted to sell drugs, or sold drugs, as defendant Officers alleged.

19.  None of the accusations against plaintiff were true but were made for the sole purpose of making a false arrest, false imprisonment and fraudulent prosecution in order to make overtime pay appearing in court and reaping a financial gain for the illegal and false arrest and prosecution.

20.  For more than 20 years, Philadelphia Police Officers assigned to various narcotics units have engaged in a pattern and practice of securing search warrants based on fraud and misrepresentations, falsifying or misusing what are known as confidential informants, who either do not exist or lie for the police, falsifying search warrants and their execution, falsifying evidence, the destruction and theft of personal property and related misconduct.

4.

21.  The City of Philadelphia has failed to take appropriate remedial measures to prevent misconduct of this nature.

22.  Plaintiff was not only falsely arrested and incarcerated but was also subjected to an assault and battery by the defendant Officers who grabbed, threw, pushed and injured plaintiff during the false arrest.

23.  Defendant Police Officers gave false and fraudulent information in an Affidavit of Probable Cause, if one was obtained, since plaintiff never observed any warrant and none was shown to plaintiff or to any other persons present at 7122 Jackson Street, Philadelphia, Pa. at the time of the incident.

24.  The prosecutor was aware that defendant Walker and the other defendant Officers were corrupt, making false and illegal arrests resulting in false prosecutions and illegal and unjust incarceration, and for this reason the prosecutor withdrew the criminal charges the prosecutor had filed against plaintiff.

25.  That because of plaintiff's false arrest and incarceration, he was deprived of the companionship of his family, friends, and especially, his children.

26.  The Philadelphia District Attorney's Office no longer calls defendant Walker and some and/or all of the defendant Officers as witnesses in narcotics cases; no longer approves narcotic cases for charging in which some and/or all of the defendant Officers were a necessary witness; and no longer approves any search or arrest warrants in narcotics cases when imprisoned Officer Walker and/or all or some of the defendant Officers were the affiant.

5.

27.  More specifically, the District Attorney of Philadelphia now refuses to prosecute or charge cases or approve any search or arrest warrant in which defendant Jeffrey Walker and/or all of the other defendant Officers were involved.

28.  This decision rested on knowledge that some and/or all of the defendant Officers in this matter had engaged in conduct raising questions about their integrity and law-abidingness while on duty.

29.  At the time of this incident, and for some years before, law enforcement at the highest levels knew of integrity, corruption, and civil rights violation issues involving some and/or all of the defendant Officers.  Federal agents and Federal prosecutors knew.  The current Philadelphia Police Commissioner, his predecessors, and some of his subordinates, knew.  Former District Attorney Lynn Abraham and some of her subordinates, as well as her successor in office, knew.  The basis of this knowledge was information from multiple sources, including, but not limited, to Federal investigations, questions raised by State and Federal prosecutors and other sources.

30.  As a direct and proximate result of the defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution; the right to be free from excessive force; the right to be free from malicious prosecution; and the right to due process of law.  Plaintiff was deprived of the right not to be a victim of conspiracies by State actors to violate the aforementioned clearly established rights.

31.  The actions or inactions of defendants violated clearly established rights.

32.  All actions taken by defendants in this matter were taken under color of State law.

6.

33. As a direct and proximate result of the action or inaction of defendants, plaintiff suffered physical pain, loss of liberty, anxiety, fear, mental harm, loss of parental rights and financial loss.

34. As a direct and proximate result of the actions and/or inactions of the defendants, plaintiff was and is deprived of rights, privileges and immunities under the Fourth, Fifth, Sixth and Fourteenth Amendment to the United States Constitution, as well as parallel provisions of the Pennsylvania Constitution, and in particular, the right to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law. Plaintiff was similarly deprived of the right not to be a victim of conspiracies of State actors to violate the aforementioned clearly established rights.

35. The actions and/or inactions of the defendants violated the clearly established Federal and State constitutional rights of the plaintiff to be free from excessive force, the right to be free from unlawful arrest, the right to be free from unjustified searches, the right to be free from malicious prosecution, and the right to due process of law.

### COUNT I

#### 42 U.S.C. §1983 against Defendant Officers

##### *Excessive Force*

36. Paragraphs 1 through 35 are incorporated by reference as though fully set forth herein at length.

7.

37.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law.  More specifically, defendant Officers intentionally acted to cause a harmful and/or offensive contact with plaintiff's person and such action was the actual and proximate cause of plaintiff's harm.

38.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT II

### Supplemental State Law Claim Against Defendant Officers

#### *Battery*

39.  Paragraphs 1 through 38 are incorporated by reference as though fully set forth herein at length.

40.  Plaintiff was damaged and injured as set forth above by defendant Officers in that they intentionally acted to cause a harmful and/or offensive contact with plaintiff's person and such action was the actual and proximate cause of plaintiff's harm.

41.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

8.

## COUNT III

### 42 U.S.C. §1983 against Defendant Officers

#### *Assault*

42.  Paragraphs 1 through 41 are incorporated by reference as though fully set forth herein at length.

43.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law.  More specifically, defendant Officers intentionally placed plaintiff in reasonable apprehension if imminent harmful and/or offensive bodily contact, and defendants' actions were the actual and proximate cause of plaintiff's harm.

44.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT IV

### Supplemental State Law Claim Against Defendant Officers

#### *Assault*

45.  Paragraphs 1 through 44 are incorporated by reference as though fully set forth herein at length.

9.

46. Plaintiff was damaged and injured as set forth above by defendant Officers in that they intentionally placed plaintiff in reasonable apprehension of imminent harmful and/or offensive bodily contact, and such actions were the actual and proximate cause of plaintiff's harm.

47. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

### COUNT V

### 42 U.S.C. §1983 against Defendant Officers

### *Unlawful Arrest*

48. Paragraphs 1 through 47 are incorporated by reference as though fully set forth herein at length.

49. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. More specifically, defendant Officers acted with the intent to arrest plaintiff unlawfully, without probable cause, and against plaintiff's will, and such actions were the actual and proximate cause of plaintiff's confinement.

50. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

10.

## COUNT VI

### Supplemental State Law Claim Against Defendant Officers

#### *False Imprisonment*

51. Paragraphs 1 through 50 are incorporated by reference as though fully set forth herein at length.

52. Plaintiff was damaged and injured as set forth above by defendant Officers in that they acted with the intent to confine plaintiff unlawfully and against plaintiff's will, confining him on false criminal charges during the period May 13, 2013 until his release 3 months later, during which period of time he feared for his life and safety, was deprived of needed medical care and attention, subjected to indignities, deprived of family and friends, and was imprisoned on false charges trumped up by the police, and such actions were the actual and proximate cause of plaintiff's confinement.

53. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VII

### 42 U.S.C. §1983 against Defendant Officers

#### *Unjustified Search*

54. Paragraphs 1 through 53 are incorporated by reference as though fully set forth herein at length.

11.

55.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff constitutional rights while acting under color of law.  More specifically, defendant Officers entered and searched the premises in which plaintiff was present, without probable cause or with a warrant containing false statements, and such actions were the direct and proximate cause of plaintiff's harm.

56.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT VIII

### 42 U.S.C. §1983 against Defendant Officers

#### *Malicious Prosecution*

57.  Paragraphs 1 through 56 are incorporated by reference as though fully set forth herein at length.

58.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law.  More specifically, defendant Officers seized and arrested plaintiff, and instituted criminal proceedings against him without probable cause and with malice.  These proceedings terminated in favor of plaintiff.  Defendants' conduct was the direct and proximate cause of plaintiff's harm.

12.

59. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT IX

### Supplemental State Law Claim Against Defendant Officers

#### *Malicious Prosecution*

60. Paragraphs 1 through 59 are incorporated by reference as though fully set forth herein at length.

61. Plaintiff was damaged and injured as set forth above by defendant Officers in that they instituted criminal proceedings against plaintiff without probable cause and with malice and where such proceedings were terminated in favor of plaintiff.

62. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT X

### 42 U.S.C. §1983 against Defendant Officers

#### *Conspiracy*

63. Paragraphs 1 through 62 are incorporated by reference as though fully set forth herein at length.

13.

64.  Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law.  More specifically, defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania.   The defendant Officers acted in conspiracy to violate plaintiff's constitutional rights as stated in the above paragraphs, and made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.  Such actions were the direct and proximate cause of plaintiff's harm.

65.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

### COUNT XI

### Supplemental State Law Claim Against Defendant Officers

### *Conspiracy*

66.  Paragraphs 1 through 65 are incorporated by reference as though fully set forth herein at length.

67. Defendant Officers, acting in concert and conspiracy, committed acts in violation of plaintiff's constitutional rights and against the laws of Pennsylvania. The defendant Officers made statements among themselves and others in order to conceal their unlawful and unconstitutional conduct.

14.

68.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XII

### Supplemental Claim of Intentional Infliction of Emotional Distress against All Defendant Officers

69.  Paragraphs 1 through 68 are incorporated by reference as though fully set forth herein at length.

70.  Plaintiff was damaged and injured as set forth above by defendant Officers in that they intentionally and/or recklessly caused plaintiff severe emotional distress by their extreme and outrageous conduct.

71.  As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XIII

### Supplemental Claim of Negligent Infliction of Emotional Distress against All Defendant Officers

72.  Paragraphs 1 through 71 are incorporated by reference as though fully set forth herein at length.

15.

73. Plaintiff was damaged and injured as set forth above by defendant Officers in that they negligently caused plaintiff severe emotional distress by their extreme and outrageous conduct and where plaintiff's emotional distress resulted in the manifestation of physical symptoms.

74. As a result of the above actions, plaintiff demands judgment against defendant Officers in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XIV

### 42 U.S.C. §1983 against Defendant City of Philadelphia

75. Paragraphs 1 through 74 are incorporated by reference as though fully set forth herein at length.

76. Plaintiff was damaged and injured as set forth above under 42 U.S.C. §1983 by defendant Officers in that they, as described in detail in preceding paragraphs, violated plaintiff's constitutional rights while acting under color of law. The City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of plaintiff's rights.

77. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery, and infliction of emotional distress.

16.

78.  It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train and/or retrain against, and discipline against illegal police activity, including, but not limited, to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, assault and battery, false imprisonment and infliction of emotional distress.

79.  There has been a longstanding history, which has been extensively documented since the 1980s of Philadelphia Police Officers engaging in rampant illegal conduct in narcotics investigations. A non-exhaustive list of such conduct includes:

a.      In the early 1980s, in the "One Squad Scandal," a group of Philadelphia narcotics Officers were convicted of selling drugs that they had stolen from dealers.

b.      During the decade between 1980-1989, a Lieutenant and three Officers from another drug unit, the "Five Squad," engaged in conduct including the theft of drugs and over $280,000.00 that resulted in Federal convictions for, inter alia, racketeering.

c.      In or around February 1995, Philadelphia Police Officer John Baird and five other members of the 39th Police District were federally prosecuted and ultimately sentenced for violating the rights of, and stealing money from, over 40 Philadelphians.  These Officers planted drugs on innocent individuals, conducted unreported raids, and stole from suspects.

d.      In 1997, federal drug convictions were overturned as a result of a 1998 Internal Affairs finding that narcotics Officer John Boucher was a potentially corrupt Police Officer.

e.   In the last five years, numerous narcotics officers, including, as described supra, some and/or all of the Defendant Officers in this matter, have engaged in conduct causing them to have been removed from the narcotics assignments. In the last five years, as a result of a series of articles by Philadelphia Daily News reports known as "Tainted Justice," Philadelphia Police Officers Jeffrey Cujdik, Richard Cujdik, Robert McDonnell, Thomas Tolstoy, Joseph Bologna and Thomas Deabler, have all been assigned to either desk duty or non-narcotics related assignments. Those officers engaged in raids of small convenience shops in Philadelphia in which they disabled surveillance systems to hide their conduct, which included theft of cash and groceries. Jeffrey Cujdik routinely alleged criminal behavior in search warrants involving a confidential informant who subsequently denied having provided information or services on many of the cases in which Cujdik affirmed he had.

80. It was the policy and/or custom of the City of Philadelphia to inadequately supervise and train its Police Officers, including the defendant Officers, against a code of silence or "blue code" of Officers, refusing to intervene against or provide truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers.

81. As a result of the above described polices and customs and/or the lack thereof, Police Officers of the City of Philadelphia, including the defendant Officers, believed that their actions would not be properly monitored by supervisory Officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

82. As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

## COUNT XV

### Supplemental Claim of Negligent Hiring, Retention and Supervision against defendant, City of Philadelphia

83. Paragraphs 1 through 82 are incorporated by reference as though fully set forth herein at length.

84. Defendant City of Philadelphia failed to exercise reasonable care in the hiring, retention and supervision of the defendant Police Officers with such failure being the direct and proximate cause of Plaintiff's injuries.

85. As a result of the above actions, plaintiff demands judgment against defendant City in the amount of all damages, including compensatory damages and punitive damages, plus interest, injunctive relief, such other relief as appears reasonable and just, as well as reasonable attorney fees and costs under 42 U.S.C. §1988.

MARGARET BOYCE FUREY, ESQUIRE
Four Tower Bridge, Suite 400
200 Barr Harbor Drive
West Conshohocken, Pa. 19428
610-397-0125 (phone)
610-397-0126 (fax)

19.